UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JERMAINE BOLLING,

        Plaintiff,

                                   Case No. 25-cv-1462-pp

    v.

STATE OF WISCONSIN,
KARL HELD PO SUPERVISOR,
GOV. SCOTT WALKER and JOHN PAQUIN,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT, DENYING MOTION FOR SETTLEMENT (DKT. NO. 4), DENYING MOTION FOR REDRESS (DKT. NO. 5) AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT**

---

On September 22, 2025, the plaintiff—who is representing himself—filed a complaint, dkt. no. 1, and a request to proceed without prepaying the filing fee, dkt. no. 2. The plaintiff also filed a document asking the court to compel the defendants to settle the case, dkt. no. 4, and a document titled "motion for redress and resolve all matters native [sovereign] immune to us law," dkt. no. 5. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee but will require the plaintiff to file an amended complaint.

**I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532,

534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff's affidavit avers that he is unemployed and unmarried with no dependents. Dkt. No. 2 at 1. He avers that he has monthly income of $1,070. Id. at 2. His monthly expenses include $211 for rent, $200 for other household expenses and $40 for a bus pass. Id. at 2–3. He does not own a home or car, but states that he has property of value in the form of "artwork giv[en] to the community since 2017." Id. at 3–4. He avers that he "need[s] spending money daily for health" and adds that "native immunity will not be [illegible] in U.S. Court can make laws." Id. at 4.

The court finds that the plaintiff does not have the ability to prepay the filing fee and will grant his motion for leave to proceed without doing so. The court advises the plaintiff, however, that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without

2

*prepayment* of fees,' but not without ever paying fees.") (emphasis in original)). The plaintiff must pay the filing fee over time, as he is able.

## II.    Screening the Complaint

### A.    Legal Standard

The court next must "screen" the complaint to decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and

3

conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663–64.

B.     The Complaint

The complaint reads as follows:

On April 28, 2012 at RCI Institution John Paquin Warden News Papers Gov. residing Scott Walker

April 28, 2012 While on Law Library Computer doing legal work, Warden intercepted Computer signaled For song & movie outlines/short books for students

"Bolling, Evidence on claim 2010 [illegible] said were in a relationship Newspapers incarceration was for Cocaine 98CF613 [illegible] 00CF1099 – revocation b"2 [illegible] no contact Claim

"Brenda" N Bolling Gave Warden 9 movie outlines 8 songs via computer

NEWS PAPER Front Page – The Biggest Charity Since Alphonso Caplac $100,000,000

mBolling life story by DOC in Newspapers

Title Books Paul He paid the price – wise Antonio – Celebrate – Jack beat the odds made a movie

It was stated Bolling produced 5 billion a year 2010 – 2017 – 2025

WI Fed statute 943.90 misuse of Funds when Gov make money off a person they must pay him/her

Jermain Bolling is native immune to U.S. Law Blackfeet, Cherokee Native/Indian Law Act 1993

Dkt. No. 1 at 2–3. Under "Jurisdiction," the plaintiff checked the box stating that he is suing for a violation of federal law. Id. at 4. Under "Relief Wanted," the plaintiff states:

In punitive damages Bolling request this Honorable Court to Grant him $90,000,000.00

> Government Claimes my "JBolling Worth illegally & unlawfully
>
> Extortion, Bribery, & Exploitation Bolling in over 80 Family [illegible] passin away – Health deteriorating papers from F. inc, Solitary Bolling was Hospitalized in 2013 – 2017 Suffering from depression Parole Supervisor Had Evidence from Brenda'n secretain a preliminary we were in relationship Eligible for SSI & [illegible] check grants [illegible] mpu & [illegible] arrest student

Id.

### C.  Analysis

The court does not understand what claim the plaintiff is trying to bring. Parts of the complaint are illegible due to the plaintiff's handwriting. The parts of the complaint that the court can read do not give the court enough information to understand what happened to the plaintiff or why he is bringing this case. A complaint must explain to the court what happened to the plaintiff, how he was harmed or injured and who he believes caused that harm or injury. Because the court cannot tell from the complaint what claims the plaintiff is trying to bring, the court must dismiss the complaint for failure to state a claim.

## III.  Remaining Motions

### A.  Motion for Settlement (Dkt. No. 4)

On October 17, 2025, the court received from the plaintiff another document. Dkt. No. 4. In this document, the plaintiff appears to be requesting a settlement, stating that he "will settle out of court with attorney general" in exchange for $230,000 and other concessions such as health care, counseling and assistance finding employment. Dkt. Nos. 4, 4-1, 4-2. The plaintiff makes several factual allegations in this motion that were not included in his

5

complaint. He appears to be claiming that the warden at Racine Correctional Institution took his "books/movie outlines" and songs, which have "grossed over 5 billion dollars." Dkt. No. 4-1. The plaintiff included several handwritten notes on the typed motion which, like the complaint, are at times illegible.

The court cannot compel the defendants to settle a lawsuit on the plaintiff's terms. Once a lawsuit is filed, the parties must go through discovery (exchanging documents and other information relevant to the claims) before filing motions for summary judgment or proceeding to trial. If a plaintiff successfully demonstrates that the defendants are liable for the conduct he has alleged—either by means of a motion for summary judgment or at trial—the court or the jury then determines what damages or other relief the defendants owe the plaintiff based on the evidence. That is not a "settlement," but a "judgment." At this stage, if the plaintiff hopes to resolve this case through an agreement with the defendant, he must submit his settlement offer to the defendants, not the court, and it is up to the defendants to decide whether to agree to that offer. The court must deny the plaintiff's motion for settlement.

To the extent that the plaintiff meant to add facts to the complaint through this motion, it is improper. The plaintiff cannot add facts to his complaint by filing a separate document. All the plaintiff's factual allegations must be contained in a single complaint; he cannot spread his allegations across multiple documents. The court will give the plaintiff a chance to amend his complaint to include all the relevant factual allegations.

6

B.      <u>Motion for Redress</u> (Dkt. No. 5)

On November 18, 2025, the plaintiff filed a document titled "motion for redress and resolve all matters native [sovereign] immune to us law." Dkt. No. 5. As with the motion for settlement, the plaintiff appears to add new facts to his complaint in this motion. The plaintiff may include these facts (or any other facts he wants the court to consider) in his amended complaint. The plaintiff also seems to be arguing he is "immune" to United States law and the court must apply "native [sovereign]" law to this case. <u>Id.</u> Native American *tribes* possess sovereign immunity from suit, meaning that they cannot be sued in court without congressional authorization or a waiver of their immunity. <u>See Michigan v. Bay Mills Indian Cmty.</u>, 572 U.S. 782, 788–89 (2014). Sovereign immunity does not bar suits where a tribe is a plaintiff. Nor does sovereign immunity bar suits brought by or against an individual tribe member. In any event, the court does not know what claims the plaintiff is bringing, so the court cannot make any decisions as to what law applies to the plaintiff's claims unless and until he files an amended complaint. The court will deny the plaintiff's motion for redress.

## IV.      **Amending the Complaint**

The court must dismiss the plaintiff's complaint, but it will do so "without prejudice." That means that the plaintiff may, if he chooses to, file an amended complaint by the deadline the court will set below. If the plaintiff decides to file an amended complaint, there are things he should keep in mind. First, an amended complaint takes the place of, or "supersedes," the original

7

complaint. <u>Flanner v. Recording Indus. Ass'n of Am.</u>, 354 F.3d 632, 638 n.1 (7th Cir. 2004). That means that the plaintiff must include in the amended complaint all the facts supporting his claims; he cannot simply tell the court to go back and look at what he alleged in his original complaint or in other documents he has filed. With this order, the court is sending a blank amended complaint form. The plaintiff must use this form in preparing his amended complaint. He must put the case number for this case—Case No. 25-cv-1462— in the space provided for a case number. The plaintiff should use the spaces on pages 3 and 4 to recite the facts of his claims; if that is not enough space, he may use up to three additional, double-spaced pages. The plaintiff must make sure his handwriting is legible so the court can read his complaint, or he may submit a typed version of his complaint. Again, the amended complaint must be complete in itself. It may not refer the court back to allegations in the original complaint or in the plaintiff's motion for settlement.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

8

If the plaintiff chooses to file an amended complaint, he must file it in time for the court to *receive* it by the deadline the court sets below. If the court does not receive an amended complaint by that deadline, the court will dismiss this case with prejudice and without further notice or hearing.

## V. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES** the plaintiff's motion for settlement. Dkt. No. 4.

The court **DENIES** the plaintiff's motion for redress. Dkt. No. 5.

The court **DETERMINES** that the plaintiff's complaint does not state a claim and **ORDERS** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, he must file an amended complaint in time for the court to *receive* it by the end of the day on **December 19, 2025**. If the court does not receive an amended complaint, or a motion asking for additional time to file one, by the end of the day on December 19, 2025, the court will dismiss this case with prejudice for failure to state a claim upon which relief can be granted.

Dated in Milwaukee, Wisconsin this 19th day of November, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

9