UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERMAINE BOLLING,

        Plaintiff,

    v.                                                      Case No. 25-cv-1462-pp

STATE OF WISCONSIN, KARL,
SCOTT WALKER and JOHN PAQUIN,

        Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO APPEAL AND CORRECT RECORD (DKT. NO. 7), DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 8) AND DISMISSING CASE WITH PREJUDICE FOR FAILURE TO STATE CLAIM AND COMPLY WITH THE COURT'S ORDER**

---

        On November 19, 2025, the court screened the plaintiff's complaint and concluded that it failed to state a claim for relief. Dkt. No. 6. The court stated that the complaint did not contain enough information to explain what happened to the plaintiff and what claims he was trying to bring. Id. at 5. The court ordered that if the plaintiff wished to proceed with this case, then by the end of the day on December 19, 2025, he must file an amended complaint; otherwise, the court would dismiss his case with prejudice. Id. at 9. The court sent the plaintiff a blank amended complaint form and gave him instructions regarding what information the amended complaint should include. See id. at 7-9.

        After the court issued that order, the court received from the plaintiff—who is representing himself—two documents. On December 1, 2025, the court

1

received from the plaintiff a document titled "Motion to appeal and correct record." Dkt. No. 7. On December 31, 2025, the court received from the plaintiff a document titled "Motion to amend complaint and damages compensation for plaintiff, and supplement the record." Dkt. No. 8. The court *did not* receive from the plaintiff an amended complaint that complied with the instructions in court's screening order.

The plaintiff's "Motion to appeal and correct record" states the following in its entirety:

> [The plaintiff] motions the honorable court to appeal the courts ruling denying redress for compensatory assistance
>
> Correct the erroneous record [the plaintiff] is asking a jury to grant he $60,000,000 by the law
>
> In compensation state of Wisconsin earning billions given and state forfeited [the plaintiff's] belongings
>
> Art song recipes poems invention ideas and counseling
>
> Redress for pain and suffering and punitive loss wages
>
> Student wctc 2000 culinary 2010 brick masonry
>
> Job at golden corral hired same day arrest 2010 working hardees 2000 same day arrest
>
> Eligible for ssi tribe checks and housing fed taxes haven't received
>
> Native soverign incarcerated caused depression invaders of privacy made health deteriorate

Dkt. No. 7.

The court does not understand what the plaintiff is trying to say in this document. The plaintiff says he is appealing the court's denial of "redress for compensatory assistance." Id. But the court did not order that the plaintiff

2

could not seek redress; it ordered only that it could not tell from his original complaint why he believes he is entitled to redress. There is nothing in the screening order for the plaintiff to "appeal."

Perhaps the plaintiff intended to object to the court's decision to dismiss the complaint, but the court's order gave the plaintiff permission to file an amended complaint to explain why he believes he is entitled to redress—what the plaintiff believes happened to him. If the plaintiff intended this document to be an amended complaint, it (like the original complaint) does not contain enough information for the court to determine what the plaintiff believes happened to him or what claim he is bringing. The court will deny the "motion to appeal and correct the record."

The second document the court received from the plaintiff—"Motion to amend complaint and damages compensation for plaintiff, and supplement the record"—also is unclear. The plaintiff states that he is requesting "what stated in the record state of Wisconsin government made money off poetry recipes invention ideas movie outlines and counseling." Dkt. No. 8 at 1. The plaintiff alleges this was "[c]ontrary to the federal [statute] 943.10 mis use of funds and the law states the governor makes money off a person they owe have to pay 7.5% or 22%." Id. The plaintiff then recounts that the state of Wisconsin allegedly "made money off" a "[m]ovie outline" and "relationship style songs." Id. at 1-2. The plaintiff states that he "was doing legal work at rci when warden paquan intercepted computer and insinuated for writings a small white square in the lower right corner signs communicate with specific persons and

3

environments and agreement governor walker accepted and made new papers front page April 28 2012." Id. at 2. The plaintiff alleges that the "gov benefitting has monetary value to pay [him] [i]n punitive damages loss time and health decline wrongful incarceration." Id. And he asks the court to "amend damages" to give him 1.1 million dollars. Id. at 1.

If the plaintiff intended this document to serve as an amended complaint, it does not comply with the court's screening order. The court did not receive this document until December 31, 2025, twelve days after the court's deadline for the plaintiff to file an amended complaint. The document is not on the amended complaint form the court provided to the plaintiff. And again, this document does not clearly explain what it is that the plaintiff believes the defendants did to him.

A complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663–64.

It is not clear what the plaintiff believes the defendants did to him or why he believes they violated the law. As best the court can determine, the plaintiff is alleging that the state of Wisconsin used the plaintiff's "poetry recipes invention ideas movie outlines and counseling" without compensating the

4

plaintiff. He also implies that he invented a drug that is now on the shelves but doesn't explain why that is a problem. The plaintiff alleges a violation of "federal [statute] 943.10" and that the state owes him "7.5% or 22%"—presumably of profits. There is no "federal [statute] 943.10." There is a *Wisconsin* state criminal statute §943.10, which states the elements for the crime of burglary. Wis. Stat. §943.10. A private plaintiff cannot file a civil case to enforce a criminal statute; the government (the district attorney in the relevant county) would have to do that. Even if the plaintiff had the authority to bring a civil case to enforce a criminal statute, under Wisconsin law, burglary is the entry of a given physical place without consent and with the intent to steal or commit a felony. Wis. Stat. §943.10(1m). Taking, or even stealing, an idea or concept is not a burglary because it does not involve entering a physical place with the intent to steal a physical object.

The plaintiff may be trying to allege copyright infringement. "To establish copyright infringement, a plaintiff must prove two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" Design Basics, LLC v. Lexington Homes, Inc., 858 F.3d 1093, 1099 (7th Cir. 2017) (quoting JCW Investments, Inc. v. Novelty, Inc., 482 F.3d 910, 914 (7th Cir. 2007)). The plaintiff's document does not contain enough facts for the court to determine whether he held a valid copyright in the "poetry recipes invention ideas movie outlines and counseling" that the state of Wisconsin allegedly infringed. The document does not state a claim for copyright infringement, and the court is not aware of any other legal claim the plaintiff

5

might be trying to bring. Because the plaintiff did not file an amended complaint that complied with the court's screening order, the court will deny the plaintiff's motion to amend the complaint.

As the court said it would do in its November 19, 2025 order, the court will dismiss this case with prejudice for the plaintiff's failure to state a claim in his original complaint and for his failure to comply with the court's order.

The court **DENIES** the plaintiff's motion to appeal and correct the record. Dkt. No. 7.

The court **DENIES** the plaintiff's motion to amend complaint and supplement the record. Dkt. No. 8.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which a federal court can grant relief and failure to comply with the court's order. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 23rd day of January, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**