JERMAINE BOLLING,

        Plaintiff,

                                        Case No. 25-cv-1462-pp

    v.

STATE OF WISCONSIN, KARL,
SCOTT WALKER and JOHN PAQUIN,

        Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTIONS FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NOS. 15, 16)**

---

On January 23, 2026, the court dismissed the plaintiff's complaint for failure to state a claim upon which a federal court may grant relief and dismissed the case. Dkt. No. 9. A little over a month later, the court received from the plaintiff—who is representing himself—two motions for leave to appeal without prepaying the appellate filing fee. Dkt. Nos. 15, 16. The first motion is dated February 16, 2026, dkt. no. 15 at 1, and the second is dated February 23, 2026, dkt. no. 16 at 1.

The Federal Rules of Appellate Procedure allow a party who wants to appeal a district court ruling without prepaying the appellate filing fee to file a motion with an affidavit that (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to relief; and (3) states the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1). If the district court allowed the party to proceed without prepaying the filing fee,

1

the party may appeal without prepaying the filing fee unless the district court certifies that the party has not appealed in good faith or that the party is not otherwise entitled to proceed without prepaying the filing fee. Fed. R. App. P. 24(a)(3).

This court granted the plaintiff leave to proceed without prepaying the filing fee at the district court level. Dkt. No. 6. That means that the plaintiff may proceed on appeal without prepaying the filing fee unless the court certifies that his appeal is taken in bad faith. The Seventh Circuit has cautioned that district courts should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involved "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962).

The court dismissed the plaintiff's complaint because it was unintelligible. Dkt. No. 6 at 5. The court could not determine what claim the plaintiff was trying to bring, so it gave the plaintiff an opportunity to amend his complaint to try to state a claim. Id. at 7-9. The court ordered that if the plaintiff wished to proceed with this case, then by December 19, 2025, he must file an amended complaint that complied with the court's instructions or the court would dismiss his case with prejudice. Id. at 9.

The plaintiff did not follow the court's instructions. He filed two more documents, neither of which were amended complaints and the second of which was untimely. See Dkt. Nos. 7, 8. The court determined that neither of these filings corrected the problems from the plaintiff's original complaint and that neither stated a claim for relief. Dkt. No. 9. Accordingly, the court dismissed the case with prejudice for failure to state a claim and failure to follow the court's instructions. Id. at 6.

The court cannot conclude that the plaintiff took this appeal in good faith because his filings present no legal points that are arguable on the merits. It isn't clear what legal points the plaintiff is trying to make; the court was unable to determine whether he had a colorable legal claim from any of his filings. Even applying the low standard of good faith, the court cannot find that the plaintiff's appeal presents a non-frivolous argument.

The court **DENIES** the plaintiff's motions for leave to appeal without prepaying the filing fee. Dkt. Nos. 15, 16.

Dated in Milwaukee, Wisconsin this 16th day of March, 2026.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3